0670·

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant v. The NORTH RIVER INSURANCE COMPANY, Green T. Services, Inc., a corporation, Olin D. Foster and Kenneth F. Foster, individually and d/b/a Fosters Wholesale Meats, and Ida Mae Elliott, Administratrix of the Estate of James S. Elliott, Respondents.

(342 S. E. (2d) 627)

Court of Appeals

---

*Robert L. Waldrep, Jr.,* of Anderson, *for appellant.*

*William Douglas Gray* and *George Sands, Watkins, Vandiver, Kirven, Gable & Gray,* of Anderson, *for respondents Foster, Foster & Foster Wholesale Meats.*

*Steven M. Krause,* of *Epps & Krause,* Anderson, *for respondent Elliott, Admrx.*

Submitted Feb. 19, 1986.

Decided April 7, 1986.

GARDNER, Judge:

State Farm brought this declaratory judgment action contending that an exclusionary clause in its automobile liability insurance policy was applicable. The master, by agreement the sole trial judge, found the exclusionary clause of the State Farm policy nonapplicable. We disagree and reverse.

The pertinent exclusionary provision of the State Farm policy provides, *inter alia,* that there is no liability for bodily

injury to "any employee of an insured arising out of his or her employment."

This provision, we hold, is consonant with two provisions of the Motor Vehicle Financial Responsibility Act. First, Section 56-9-20(7)(c), Code of Laws of South Carolina (1976) provides, in pertinent part, that a motor vehicle liability policy need not insure any liability covered by the worker's compensation law *nor* any liability *on account of bodily injury to or death* of an employee of the insured while engaged in the employment, other than domestic, of the insured, or while engaged in the operation, maintenance or repair of the motor vehicle. Second, Section 56-9-900, Code of Laws of South Carolina (1976) contains essentially the same language.

The subject State Farm automobile liability insurance policy insured Olin and Kenneth Foster d/b/a Foster's Wholesale Meats (the Fosters). James Elliott, while operating a truck owned by the Fosters in the course of his employment by the Fosters, was killed in an automobile accident. Elliott, at the time of his death, was not covered by worker's compensation. The administratrix of Elliott's estate brought a wrongful death action against the Fosters alleging, *inter alia*, negligent maintenance of the Foster's vehicle and that it was unsafe, thus precipitating this declaratory judgment action.

The dispositive issue is simply whether the State Farm Insurance Policy's exclusionary clause is applicable. We hold that it is.[1] It is not inconsonant with the exclusions permitted by the above-quoted South Carolina statutory law. We therefore hold that the Master erred in holding the State Farm policy's exclusionary clause inapplicable.

We hasten to add that, though the automobile policy in question does not provide liability coverage for the Foster's possible liability to Elliott's estate, this decision in no way is to be considered as vitiating the cause of action asserted by the administratrix of Elliott's estate against the Fosters;

---

[1] The Master's holding, which we reject, is that the language of the statutes after the word "nor" evinced only an intent of the legislature that there not be double recovery, i.e., for workers compensation and also under the liability policy.

they may well be liable for the alleged wrongful death of Elliott, but no coverage for this possible liability is provided by the subject policy.

For the reasons stated, the judgment below is reversed.

Reversed.

SANDERS, C. J., and BELL, J., concur.